**Juan Manuel Mozqueda VILLALOBOS,**
**Petitioner,**

**v.**

**Eric H. HOLDER, Jr., Attorney**
**General, Respondent.**

**No. 07–72024.**

United States Court of Appeals,
Ninth Circuit.

---

* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Feb. 18, 2009.*

Filed Feb. 25, 2009.

Juan Manuel Mozqueda Villalobos, Wilmington, CA, pro se.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Brianne Whelan Cohen, Esquire, Kurt B. Larson, Esquire, Jeffery R. Leist, Stacy Stiffel Paddack, U.S. Department of Justice, Washington, DC, for Respondent.

Before: BEEZER, FERNANDEZ, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Juan Manuel Mozqueda Villalobos, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Perez v. Mukasey*, 516 F.3d 770, 773 (9th Cir.2008), and we review de novo claims of constitutional violations in immigration proceedings, *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We deny the petition for review.

The BIA did not abuse its discretion because it considered the evidence Petitioner submitted and acted within its broad discretion in determining that the evidence was insufficient to warrant reopening. *See Singh v. INS*, 295 F.3d 1037, 1039 (9th Cir.2002) (the BIA's denial of a motion to reopen will be reversed only if it is "arbitrary, irrational, or contrary to law").

Petitioner's contention that the BIA violated due process by denying his motion to reopen therefore fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for due process violation).

Petitioner's contention that the BIA violated due process by not considering the entirety of the evidence he submitted also fails because Petitioner has not overcome the presumption that the BIA did review the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir.2006).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.